Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
J & J Sports Productions, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PITTSBURG LODGE NO. 1475, LOYAL ORDER OF MOOSE, INC., an unknown business entity d/b/a MOOSE LODGE, <br><br> Defendant. | Case No.: 3:14-cv-05129-VC <br><br> PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES (AMENDED ANSWER); MEMORANDUM OF POINTS AND AUTHORITIES <br><br> Date: Thursday, June 18, 2015 <br> Time: 10:00 A.M. <br> Court: Courtroom 4, 17th Floor <br> Judge: Honorable Vince Chhabria |

TO THE HONORABLE COURT, THE DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, June 18, 2015 at 10:00 A.M., or as soon thereafter as this matter may be heard in Courtroom 4 of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Plaintiff J & J Sports Productions, Inc., by and through counsel, will move this Court for an Order striking Defendant Pittsburg Lodge No. 1475, Loyal Order Of Moose, Inc., an unknown business entity d/b/a Moose Lodge (hereinafter "Defendant") Affirmative Defenses (Amended Answer). (Dkt. No. 23).

This Motion will be made on the grounds that Defendant's Affirmative Defenses (Amended Answer) are legally insufficient under the Federal Rules of Civil Procedure and applicable precedent.

The Motion will be based on this Notice of Motion, the Memorandum of Points and Authorities served and filed herewith, and such further oral and documentary evidence or argument as may be presented at the hearing on Plaintiff's Motion.

Dated: May 1, 2015              /s/ *Thomas P. Riley*
                                **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                                By:  Thomas P. Riley
                                Attorneys for Plaintiff
                                J & J Sports Productions, Inc.

# TABLE OF CONTENTS

**PAGE(S)**

TABLE OF AUTHORITIES ................................................................................................................ii

STATEMENT OF FACTS ................................................................................................................ 3

ARGUMENT ..................................................................................................................................... 3

I.    DEFENDANT FAILS TO SATISFY THE LEGAL STANDARD NECESSARY TO SUSTAIN ANY AFFIRMATIVE DEFENSE, THEREFORE, ALL OF DEFENDANT'S AFFIRMATIVE DEFENSES MUST BE STRICKEN ........................ 3

    A.    The Equitable Defenses Raised Herein Have Been Rejected By The Northern District. ............................................................................................ 4

    B.    Defendant's Individual Defenses Fail. ................................................................ 5

        1.    First Affirmative Defense (Failure to Mitigate Damages) ........................ 5

        2.    Second through Fourth Affirmative Defenses (Causation Defenses) ................................................................................................... 6

        3.    Fifth and Sixth Affirmative Defenses (Estoppel Defenses) ...................... 8

        4.    Seventh Affirmative Defense (Unclean Hands) ........................................ 9

        5.    Eighth Affirmative Defense (Unintentional Showing) .............................. 9

II.    PREJUDICE IS NOT MANDATED BY RULE 12(f) AND, EVEN IF IT WERE, PLAINTIFF WILL BE PREJUDICED IF THE AFFIRMATIVE DEFENSES ARE NOT STRICKEN .................................................................................................. 11

    A.    Rule 12(f) Does Not Require A Showing Of Prejudice. ...................................... 11

    B.    Plaintiff Will Be Prejudiced. ............................................................................... 11

CONCLUSION ................................................................................................................................ 12

# TABLE OF AUTHORITES

**PAGE(S)**

**CASES**

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007) ................................................................................................................. 4

Dean v. Gillette,
2004 WL 3202867 (D.Kan. June 8, 2004) ............................................................................. 12

Doherty v. Wireless Broadcasting Systems of Sacramento, Inc.,
151 F.3d 1129 (9th Cir. 2008) ............................................................................................... 10

EEOC v. Bay Ridge Toyota, Inc.,
327 F.Supp.2d 167 (E.D.N.Y. 2004) ..................................................................................... 11

Fantasy, Inc. v. Fogerty,
984 F.2d 1524 (9th Cir. 1993) ................................................................................................. 3

G & G Closed Circuit Events, LLC v. Nguyen,
2010 WL 3749284 (N.D.Cal. Sept. 23, 2010) ..................................................... 4, 5, 7, 10, 11

Gilman v. Dalby,
176 Cal.App.4th 606 (2009) .................................................................................................. 10

J & J Sports Productions, Inc. v. Bouton,
Case No. 3:12-cv-05762-RS (N.D.Cal. Dec. 10, 2014) ................................................. 4-6, 8-9

J & J Sports Productions, Inc. v. Coyne,
2011 WL 227670 (N.D.Cal. Jan. 24, 2011) ......................................................................... 6, 7

J & J Sports Productions, Inc. v. Estrada,
2011 WL 2413257 (E.D.Cal. June 8, 2011). .......................................................................... 4

J & J Sports Productions, Inc. v. Mendoza-Gowan,
2011 WL 1544886 (N.D.Cal. April 25, 2011) ....................................................................... 10

J & J Sports Productions, Inc. v. Montanez,
2010 WL 5279907 (E.D.Cal., Dec. 13, 2010) ...................................................................... 7, 8

J & J Sports Productions, Inc. v. Soto,
2010 WL 3911467 (S.D.Cal. Sept. 28, 2010) ..................................................................... 6, 10

J & J Sports Productions, Inc. v. Walia,
2011 WL 1134458 (N.D.Cal. March 28, 2011) .................................................................. 4, 6

Lane v. Page,
272 F.R.D. 581 (D.N.M. 2011) ............................................................................................. 11

Security People, Inc. v. Classic Woodworking, LLC,
2005 WL 645592 (N.D.Cal. March 4, 2005) .......................................................................... 4

Solis v. Couturier,
2009 WL 2022343 (E.D.Cal. July 8, 2009) ........................................................................... 11

Wyshak v. City Nat'l Bank,
607 F.2d 824 (9th Cir. 1979) ................................................................................................. 4

Zivkovic v. Southern Cal. Edison Co.,
302 F.3d 1080 (9th Cir. 2002) ......................................................................................... 7, 10

**STATUTES AND RULES**

United States Code

47 U.S.C. § 605 ...................................................................................................................... 10

Federal Rules of Civil Procedure

12 .................................................................................................................... 3, 7, 8, 11

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

This is a commercial piracy case arising out of the alleged unlawful interception and publication of Plaintiff J & J Sports Productions, Inc.'s (hereinafter "Plaintiff") Program, *"The Clash in Cotai": Manny Pacquiao v. Brandon Rios, WBO Welterweight Championship Fight Program,* telecast nationwide via closed-circuit television on Saturday, November 23, 2013. Complaint ¶ 14 (Dkt. No. 1). On March 27, 2015, Plaintiff filed a Motion to Strike Defendant's original affirmative defenses. (Dkt. No. 28). On April 10, 2015, Defendant filed an Amended Answer. (Dkt. No. 32). While the Amended Answer was filed in violation of Federal Rule of Civil Procedure 15, the Court construed the Amended Answer as a request for leave to amend and permitted the Amended Answer. See (Dkt. No. 35). The Amended Answer sets forth eight affirmative defenses. Amended Answer at 4-9. While the affirmative defenses in the Amended Answer are no longer boilerplate recitations, they still suffer from fatal defects. As such, Plaintiff moves to strike the affirmative defenses.

## ARGUMENT

I.     DEFENDANT FAILS TO SATISFY THE LEGAL STANDARD NECESSARY TO SUSTAIN ANY AFFIRMATIVE DEFENSE, THEREFORE, ALL OF DEFENDANT'S AFFIRMATIVE DEFENSES MUST BE STRICKEN.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The Ninth Circuit defines "immaterial matter" as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded," and "impertinent matter" as "statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). For various reasons as discussed herein, the eight affirmative defenses

presented by Defendant remain insufficient and should be stricken.

An affirmative defense is insufficient if it does not provide the plaintiff with "fair notice" of the defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).[1] While an "extensive exposition of the underlying facts" is not necessary, the Defendant must establish some connection between the defense and the case. See Security People, Inc. v. Classic Woodworking, LLC, 2005 WL 645592, *2 (N.D.Cal. March 4, 2005). A motion to strike is also proper "when the defense is insufficient as a matter of law." Id. at *3. Moreover, "[a] defense may be insufficient as a matter of pleading or as a matter of law." J & J Sports Productions, Inc. v. Estrada, 2011 WL 2413257, *1 (E.D.Cal. June 8, 2011). Finally, "affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." J & J Sports Productions, Inc. v. Walia, 2011 WL 1134458, *2 (N.D.Cal. March 28, 2011) (quotation omitted). "In contrast, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses.'" G & G Closed Circuit Events, LLC v. Nguyen, 2010 WL 3749284, *2 (N.D.Cal. Sept. 23, 2010).

A.  The Equitable Defenses Raised Herein Have Been Rejected By The Northern District.

In the recent case of J & J Sports Productions, Inc. v. Bouton, Case No. 3:12-cv-05762-RS (N.D.Cal. Dec. 10, 2014, Dkt. No. 52)[2], the Northern District struck the affirmative defenses of estoppel, unclean hands, and failure to mitigate damages when premised on similar underlying allegations, to wit, that somehow Plaintiff failed to prevent a defendant from broadcasting the

---

[1] As noted in Plaintiff's original motion to strike, there is a split of authority regarding whether the pleading standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), apply to affirmative defenses. The affirmative defenses herein are insufficient pursuant to existing Ninth Circuit authority, and thus resolution of the applicability of the Twombly standard to affirmative defenses is not necessary.

[2] A copy of this decision is submitted herewith with the Declaration of Thomas P. Riley, Esq.

Program, and that the defendant had obtained the program from a television provider.[3] As the Bouton Court noted:

> Arguing that plaintiff had the advance knowledge and ability to prevent them from broadcasting the match, but opted not to do so, defendants contend that the doctrines of estoppel . . ., unclean hands, and failure to mitigate damages preclude them from liability. Yet because they fail to make factual allegations even remotely specific enough to support these claims, all four affirmative defenses must be stricken.

Id. Later, the Bouton Court held:

> Defendants essentially assert that plaintiff is not entitled to relief because it was aware of their plans to show the Program illegally, had the ability to prevent its broadcast at their taqueria, and chose not to do so. Yet defendants' affirmative defenses— estoppel, . . . , unclean hands, and failure to mitigate damages—are so slim on factual allegations that they offer no basis for the Court to reach such a conclusion.

Id. at 3. As discussed below, the same defects exist herein.

As a practical matter, what Defendant has done herein is allege facts and then assign a label to those facts. Setting aside the underlying validity of Defendant's facts (which, of course, Plaintiff rejects) Defendant appears to believe that it can provide any facts and, so long as it concludes with something to the effect of, for example, 'and thus there is an estoppel,' it has satisfied the requirement of stating the affirmative defense. Indeed, the same basic underlying allegations are used to support the first *seven* affirmative defenses. Contrary to Defendant's apparent belief, if what Defendant describes does not legally constitute the defense alleged, the defense is still invalid.

    B.    Defendant's Individual Defenses Fail.

        1.    First Affirmative Defense (Failure to Mitigate Damages).

As an initial matter, the Northern District has held that a duty to mitigate has no application to the claims herein. Nguyen, 2010 WL 3749284 at *5 (in Complaint alleging the

---

[3] In this case, Defendant originally filed a third party complaint against Comcast. See Answer (Dkt. No. 19). In Bouton, the defendant had sought leave to file a third party complaint against Directv. Bouton, supra at 2.

same causes of action, the court held that "Mitigation of damages is [] inapplicable to the types of claims asserted by Plaintiff."); see also J & J Sports Productions, Inc. v. Coyne, 2011 WL 227670, *2 (N.D.Cal. Jan. 24, 2011). For this reason alone, the defense should be stricken.

In Bouton, the Northern District struck a failure to mitigate damages defense and held:

> The assertion that plaintiff failed to mitigate its damages *is insufficient as a matter of both law and pleading*. The doctrine of mitigation of damages usually comes into play when the event producing damage *has already occurred*; it then becomes the obligation of the damaged party to undertake reasonable efforts to avoid continuing or enhanced losses. . . . *Here, the wrongful inaction in which plaintiff allegedly engaged—failure to thwart the Program's broadcast—took place before the broadcast occurred.* Defendants make no argument, moreover, that plaintiff should have acted thereafter to reduce its averred damages. Because mitigation of damages principles are inapplicable here, this defense is also stricken.

Bouton at 5 (emphasis added). In short, mitigation of damages applies *after* the event producing damages has occurred. Defendant, however, alleges inaction taken *prior* to the event. See Amended Answer at 4-5, ¶¶ 4-5 (alleging that Plaintiff did not take steps to *prevent* the showing.

Any suggestion that Plaintiff had a continuing duty to mitigate once the broadcast had occurred is specious. See Amended Answer at 5, ¶ 3. Even assuming *arguendo* Defendant would have turned the Program off if some random stranger told it to, that does nothing to alter the fact that the Program was broadcast without authorization and that a licensing fee was not paid to Plaintiff. See Complaint ¶¶ 15-17. For purposes of evaluating an affirmative defense, these allegations are taken as true. Walia, 2011 WL 1134458 at *2. Once that happened, the damage was done. The issue of a continuing harm is irrelevant in this case. See J & J Sports Productions, Inc. v. Soto, 2010 WL 3911467, *4 (S.D.Cal. Sept. 28, 2010) (striking failure to mitigate defense because there was no continuing harm alleged).

        2.    Second through Fourth Affirmative Defenses (Causation Defenses).

Defendant's second through fourth affirmative defenses address causation. Amended Answer at 5-7, ¶¶ 6-17. The second defense alleges "Comparative Fault," the third defense, titled

"No Fault," alleges that Plaintiff's damages (which Defendant denies) were caused by somebody other than Defendant, the fourth defense, titled "Superseding Cause," alleges that the actions of Defendant were not "a substantial factor" in bringing about Plaintiff's damages (which, again, Defendant denies) and that the damage were caused by others. Id.

First and foremost, none of these are affirmative defenses in the first place; rather, they are denial of elements of Plaintiff's causes of action (to wit, causation and damages). Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) (holding that a defense that merely negates an element that Plaintiff is required to prove is not an affirmative defense); Nguyen, 2010 WL 3749284 at *2. In this regard, the defenses should be stricken as redundant. Fed.R.Civ.P. 12(f).. Next, Defendant does not identify the purported others (save Plaintiff), see Amended Answer at 5-6, ¶¶ 6, 12, 15, and, as such, the defenses do not provide fair notice. See Nguyen, 2010 WL 3749284 at *2. Finally, comparative fault is a negligence doctrine, and Plaintiff has not raised any negligence claims. In this regard, the comparative fault defense is also immaterial. See Fed.R.Civ.P. 12(f); J & J Sports Productions, Inc. v. Montanez, 2010 WL 5279907, *4 (E.D.Cal. Dec. 13, 2010); Coyne, 2011 WL 227670 at *2 (both striking similar defenses without leave to amend).

Finally, notwithstanding the above, the argument that Comcast could lawfully provide the Program, see Amended Answer at 5-6, ¶¶ 8, 13, 17, has repeatedly been rejected (as the Comcast Terms of Service explicitly prohibit such action). See J & J Sports Productions, Inc. v. Brewster "2" Cafe, LLC, 2014 WL 4956501, *4, n.3 (E.D.Ark. Oct. 2, 2014) (granting summary judgment to plaintiff and rejecting defendant's good faith argument because the cable provider's (Comcast) terms of service prohibited the ordering and transmission of Plaintiff's programming); see also J & J Sports Productions, Inc. v. TCOS Enterprises, 2012 WL 124482, *2 (E.D.Pa. Jan. 13, 2012) (rejecting argument that defendant was entitled to a "good faith" defense when Comcast terms of service made clear that receipt of plaintiff's programming was prohibited); Joe

Hand Promotions, Inc. v. Phoenix Promotions LLC, 2012 WL 3025107 (E.D.Mich. July 24, 2012) (same).

        3.       Fifth and Sixth Affirmative Defenses (Estoppel Defenses).

While Defendant presents two estoppel defenses, they are both essentially "equitable estoppel." See Amended Answer at 6-8, ¶¶ 18-30. There is nothing in the defense titled "estoppel" that suggests anything but an equitable estoppel. See Amended Answer at 7-8, ¶¶ 25-30. Indeed, the only significant distinction between the two defenses is that the "estoppel" defense refers only to Plaintiff and the "equitable estoppel" defense adds a possible third party. See Id. ¶¶ 18, 25. In this regard, at a minimum, one of the defenses is redundant. See Fed.R.Civ.P. 12(f). To the extent the "estoppel" defense was intended to have some other meaning, it only serves to underscore its lack of fair notice. See Montanez, 2010 WL 5279907 at *3 (striking estoppel defense for, *inter alia*, failing to identify which estoppel theory was being asserted).

In Bouton, the Northern District struck a similar estoppel defense, holding:

> Estoppel is an appropriate defense where one person has caused another, through false language or conduct, to act in a way he otherwise would not have and suffer injury as a result. . . .
>
> None of the elements of estoppel are apparent in the sparse facts defendants allege. The sole refrain in their pleadings is that Plaintiff consciously decided to allow defendants to receive, de-crypt and broadcast the Program on their television equipment, rather than undertake affirmative steps—by, for example, *warning defendants* or having DirecTV disable access—*to prevent the transgression.* Defendants are silent as to what promise plaintiff made, or how they relied to their detriment on any such promise. Absent even the foggiest factual basis, this defense must be stricken.

Bouton at 3-4 (emphasis added). These are precisely the allegations that Defendant makes herein. See Amended Answer at 6-8, ¶¶ 22-24, 27-29. As such, the estoppel defenses should be stricken.

The estoppel defenses also highlight Defendant's general approach herein, i.e., assigning a label to allegations regardless of whether the label has any relation thereto. Indeed, paragraph 30,

which falls under the "equitable estoppel" defense, alleges that Plaintiff "failed to take action to stop what Plaintiff believes is unauthorized showings of its Programs *in order to mitigate Plaintiff's damages*." Amended Answer at 8, ¶ 30 (emphasis added).

        4.      Seventh Affirmative Defense (Unclean hands).

Defendant's unclean hands defense reiterates the general allegations that Plaintiff was aware of the broadcast and did not take action to stop it. See Amended Answer at 8, ¶¶ 31-37. In striking a similar unclean hands defense, the Bouton Court held:

> Defendants likewise fail sufficiently to plead their third affirmative defense, unclean hands. Under the doctrine of unclean hands, plaintiffs seeking equitable relief must have acted fairly and without fraud or deceit as to the controversy in issue . . . . To survive a motion to strike, an unclean hands defense must prove that (1) the plaintiff engaged in inequitable conduct, and (2) such conduct is directly related to plaintiff's claim.
>
> . . . . The contention that plaintiff chose not to request that DirecTV disable defendants' access to the Program—bereft of any specifics as to plaintiff's advance knowledge of defendants' intent to show the Program, or its ability to have defendants' DirecTV access disabled—does not hold water. *Nor does the claim that plaintiff's agent, allegedly present for the broadcast, behaved deceitfully when he did not prevent or put a stop to it. Plaintiff had no responsibility to monitor defendants' DirecTV access or otherwise ensure against an illegal broadcast. Grounded in allegations of neither inequitable conduct nor a relationship between any such conduct and plaintiff's claims, defendants' unclean hands defense must be stricken.*

Bouton at 4-5 (internal quotations/citations omitted, emphasis added). The unclean hands defense herein should be stricken for the same reasons.

        5.      Eighth Affirmative Defense (Unintentional Showing).

Defendant's eighth affirmative defense states:

> Defendant, without admitting the allegations in the complaint, deny any wrongful transmission of the Program alleged in the complaint. However, if any such transmission is found to have been wrongful, defendant was unaware and had no reason to believe any such transmission was wrongful.

Amended Answer at 8, ¶ 38. The first sentence of this defense, in which Defendant denies the allegations of the Complaint, is clearly not an affirmative defense. Zivkovic, 302 F.3d at 1088; Nguyen, 2010 WL 3749284 at *2.

The second sentence of the defense may be stricken as legally invalid. 47 U.S.C. §§ 605 and 553 are strict liability offenses. See 47 U.S.C. § 553(c)(3)(C); 47 U.S.C. § 605(e)(3)(C)(iii) (allowing for reduction in damages when it is determined that violator was "not aware and had no reason to believe that his acts constituted a violation . . ."); Doherty v. Wireless Broadcasting Systems of Sacramento, Inc., 151 F.3d 1129, 1131 (9th Cir.1998) ("The remedial provisions in both Sections 553 and 605 take into consideration the degree of the violator's culpability and provide for reduced damages in those instances where the violator was unaware of the violation."). Conversion is also a strict liability tort. "Because conversion is a strict liability tort, questions of the Defendants' good faith, lack of knowledge, motive, or intent are not relevant." Gilman v. Dalby, 176 Cal.App.4th 606, 615 n.1 (2009). In J & J Sports Productions, Inc. v. Mendoza-Gowan, 2011 WL 1544886 (N.D.Cal. April 25, 2011), the district court struck a similar defense, holding:

> Defendant is correct that if it is later found that defendant acted unknowingly, damages under Section 553 or Section 605 may be reduced. 47 U.S.C. §§ 553(c)(3)(C); 605(e)(3)(C)(II)(iii). *This point is irrelevant, however, for determining liability*.

Id. at *6 (emphasis added); see also Soto, 2010 WL 3911467 at *2 (striking similar defense without leave to amend, holding that, "[a] mistake of law does not excuse a person from civil liability . . . . Thus, even if Defendants can show they did not know they were violating the law, their liability is not excused.").

///

///

///

II.  **PREJUDICE IS NOT MANDATED BY RULE 12(f) AND, EVEN IF IT WERE, PLAINTIFF WILL BE PREJUDICED IF THE AFFIRMATIVE DEFENSES ARE NOT STRICKEN.**

   A.  Rule 12(f) Does Not Require A Showing Of Prejudice.

While courts often require a showing of prejudice before granting a motion to strike, this is not mandated. Federal Rule of Civil Procedure 12(f) "does not require that a movant show prejudice and the advisory committee notes do not contemplate such a requirement." Lane v. Page, 272 F.R.D. 581, 598 (D.N.M. 2011); see Nguyen, 2010 WL 3749284, *2 (N.D.Cal. Sept. 23, 2010) (striking 30 of 31 affirmative defenses notwithstanding the absence of demonstrable prejudice). Affirmative defenses have also been stricken without any mention of prejudice. See e.g. Solis v. Couturier, 2009 WL 2022343, *2 (E.D.Cal. July 8, 2009). Next, if this Court were to find that prejudice is required *generally,* it is not required for those defenses that are legally insufficient. Garcia-Barajas v. Nestle Purina Petcare Co., 2009 WL 2151850, *2, n.2 (E.D.Cal. July 16, 2009).

   B.  Plaintiff Will Be Prejudiced.

This is the second time that Plaintiff has been compelled to expend time and resources litigating irrelevant issues. It is respectfully submitted that requiring such further litigation would further prejudice. See EEOC v. Bay Ridge Toyota, Inc., 327 F.Supp.2d 167, 173 (E.D.N.Y. 2004) (permitting affirmative defenses that have no possibility of succeeding will prejudice the Plaintiff by "needlessly lengthening and complicating the discovery process and trial of this matter."). In addition, while Plaintiff believes that the defenses raised by Defendant are invalid and can have no application herein (e.g. failure to mitigate and the causation defenses), if the Court rejects these arguments, Plaintiff must proceed as if the defenses will be pursued. In this regard, Plaintiff not only will need to argue against the application of the defenses, but will first be required to ascertain how the defense even could be applied in the first place. This takes time and effort, and far more time and effort than would be involved in simply striking the defense at

the outset. In <u>Dean v. Gillette</u>, 2004 WL 3202867 (D.Kan. June 8, 2004), the district court noted that "[p]rejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." <u>Id.</u> at *1. The time and effort necessary to ascertain how what appear to be irrelevant defenses *might* apply will confuse the issues and place an undue burden on Plaintiff.

## CONCLUSION

Defendant's Affirmative Defenses (Amended Answer) are insufficient under the Federal Rules of Civil Procedure as well as applicable precedent. Therefore, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Amended Answer), and award such other relief as may be just and proper. In view of Defendant's failure to cure their defenses notwithstanding being given an opportunity to do so, Plaintiff further requests that the defenses be stricken with prejudice.

Respectfully submitted,

Dated: May 1, 2015

/s/ *Thomas P. Riley*
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By: Thomas P. Riley
Attorneys for Plaintiff
J & J Sports Productions, Inc.

# PROOF OF SERVICE

I declare that:

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030.  I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On May 1, 2015, I caused to serve the following document entitled:

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES (AMENDED ANSWER); MEMORANDUM OF POINTS AND AUTHORITIES

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Stuart James West, Esq.
West & Associates, A PC
2815 Mitchell Drive
Suite 209
Walnut Creek, CA 94598

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on May 1, 2015, at South Pasadena, California.

Dated:  May 1, 2015                              /s/ *Vanessa Morales*
                                                 VANESSA MORALES