Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel:  626-799-9797
Fax:  626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
J & J Sports Productions, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>PITTSBURG LODGE NO. 1475, LOYAL ORDER OF MOOSE, INC., an unknown business entity d/b/a MOOSE LODGE,<br><br>Defendant. | Case No.:  3:14-cv-05129-VC<br><br>PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES (AMENDED ANSWER)<br><br>Date:   June 18, 2015<br>Time:   10:00 a.m.<br>Court:  Courtroom 4, 17th Floor<br>Judge:  Honorable Vince Chhabria |

TO THE HONORABLE COURT, THE DEFENDANT AND ITS ATTORNEYS OF RECORD:

Plaintiff J & J Sports Productions, Inc. (hereinafter "Plaintiff"), by and through counsel, hereby files this Reply to Defendant's Response to Plaintiff's Motion to Strike Affirmative Defendant's Affirmative Defenses (Amended Answer) (hereinafter "Defendant's Response") (Dkt. No. 39). For the reasons set forth herein, as well as the reasons set forth in Plaintiff's Motion to Strike, Plaintiff respectfully requests that its Motion to Strike, (Dkt. No. 38), be granted.

**ARGUMENT**

I.   FAIR NOTICE IS NOT THE ONLY REQUIREMENT FOR AN AFFIRMATIVE DEFENSE AND LACK OF FAIR NOTICE IS NOT THE ONLY ARGUMENT PLAINTIFF MAKES.

Defendant begins its Argument section by stating, "Plaintiff contends that Defendant's affirmative defenses are insufficient because they do not provide Plaintiff with 'fair notice.'" Defendant's Response at 2. While Plaintiff does argue a lack of fair notice with respect to certain defenses (in particular, defenses 2-6), this is not the *only* argument against the defenses. Indeed, each defense is invalid *regardless* of whether they provide fair notice. More importantly, while fair notice is an important factor in determining the validity of an affirmative defense, it is not the only factor. For example, the Ninth Circuit has held a defense that merely negates an element that Plaintiff is required to prove is not an affirmative defense. Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). Affirmative defenses may also be stricken if they are insufficient as a matter of law, J & J Sports Productions, Inc. v. Estrada, 2011 WL 2413257, *1 (E.D.Cal. June 8, 2011), or if they are redundant, immaterial or impertinent. Fed.R.Civ.P. 12(f). If fair notice were the only requirement, Defendant could include a defense discussing in detail how it is compliance with the Americans with Disabilities Act. While this might provide fair notice *per se*, it would be immaterial and impertinent.

II.  AUTHORITY NEED NOT BE FROM AN IDENTICAL CASE TO BE CONSIDERED.

Defendant states, "Plaintiff is attempting to apply a ruling from a case that does not have *identical* facts to this case." Defendant's Response at 2 (emphasis added). While that is true, that is also true in virtually every other case. If "identical" facts were required before case law could be considered, the entire American system of jurisprudence would be significantly upended.

///

A.   Defendant's Unsupported Statement That It Is Not A Commercial Entity Is Contradictory And Irrelevant.

Defendant attempts to distinguish the case of J & J Sports Productions, Inc. v. Bouton, Case No. 3:12-cv-05762-RS (N.D.Cal. Dec. 10, 2014, Dkt. No. 52), by stating that it "involved a commercial establishment . . . [and] Defendant is not a commercial entity." Defendant's Response at 2. Defendant's position is unavailing for several reasons. First, Defendant admits that Moose Lodge is a commercial establishment. See Amended Answer ¶ 7 (Dkt. No. 32) (admitting corresponding allegation of Complaint) (Dkt. No. 1). Defendant's Answer is a judicial admission that is conclusively binding on Defendant. American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir.1988). Next, even assuming *arguendo* Defendant had not admitted the allegation, Plaintiff alleges as such, and for purposes of evaluating an affirmative defense, Plaintiff's allegations are accepted as true. See J & J Sports Productions, Inc. v. Walia, 2011 WL 1134458, *2 (N.D.Cal. March 28, 2011) (quotation omitted). Finally, the status of the Defendant in Bouton was not relevant to the legal conclusions drawn by the Court. The legal definitions of failure to mitigate, estoppel and unclean hands are the same regardless of the status of the underlying entity. [1]

III.   DEFENDANT'S ATTEMPTS TO SUPPORT ITS INDIVIDUAL DEFENSES FAIL.

A.   Failure To Mitigate – First Defense.

---

[1] As a practical matter, even assuming *arguendo* Defendant had not admitted that Moose Lodge is a commercial establishment, being a fraternal organization does not *per se* mean the organization is not engaged in commercial activity. Under the Internal Revenue Code, when a nonprofit organization enters the marketplace and act as a business, the "gross income derived by the organization from [that] unrelated trade or business," is taxable at the corporate rate – the same as any other commercial enterprise. See 26 U.S.C. §§ 511(a), 512(a)(1), 513(a); see also Portland Golf Club v. C.I.R., 497 U.S. 154, 162 (1990)(noting that otherwise, clubs freed from taxation under 26 U.S.C. § 501(c) may at times "gain[] an unfair advantage over competing commercial enterprises."). Indeed, fraternal organizations are frequently held to have engaged in commercial activity. E.g. Richmond Elks Hall Ass'n v. Richmond Redevelopment Agency, 561 F.2d 1327, 1329 (9th Cir. 1977) (fraternal organization engaged in commercial activity when it had "commercial tenants."); Waco Lodge No. 166, Benev. & Protective Order of Elks v. C.I.R., 696 F.2d 372, 374 (5th Cir. 1983)("The Lodge admits that [bingo] games were . . . unrelated to the Elks' exempt purpose," and therefore were a "trade or business" as that is defined in § 513(c).); Baker v. One Piece of Improved Real Property at 607 East 200 South St., Salt Lake City, 570 P.2d 1023, 1025 (Utah 1977)(where Justice Crockett noted in the concurrence that the Moose Lodge's restaurant "appears to be an outright commercial enterprise.")

Defendant's attempts to justify its failure to mitigate defense highlights the defects in the defense. While Defendant opines as to what it believes Plaintiff should have done, see Defendant's Response at 3, Defendant makes no effort to explain how this implicates failure to mitigate. Indeed, by suggesting that the investigator should have "cancel[led] the event before it started," Id., Defendant confirms that failure to mitigate does not apply. Ultimately, Defendant simply assigns a label to alleged behaviors and concludes, because it must, that the label applies. Regardless of Defendant's desires, if the facts that Defendant alleges do not fall within the ambit of the defense, the defense fails. Notably, Defendant offers no legal authority for its position.

Finally, even assuming *arguendo* this Court were to disregard the Bouton opinion, other Northern District cases have also stricken this defense has being legally insufficient. J & J Sports Productions, Inc. v. Coyne, 2011 WL 227670, *2 (N.D.Cal. Jan. 24, 2011); G & G Closed Circuit Events, LLC v. Nguyen, 2010 WL 3749284, *5 (N.D.Cal. Sept. 23, 2010). Defendant does not attempt to address these cases.

B.     The Causation Defenses – Second Through Fourth Defenses.

Defendant contends that it provides fair notice of these defenses because at an earlier time in its Answer it referenced "Defendant's cable provider." Defendant's Response at 3. This raises the obvious questions of why, if this is the purported third party, Defendant references "Plaintiff and/or persons [plural]," and "Plaintiff and/or other parties [plural]," and "the acts and omissions of others [plural]," in the defenses. Answer ¶¶ 6, 12, 15. While *Defendant* may know what it intended, it is not clear from the defenses.

Nonetheless, assuming *arguendo* these defenses do provide fair notice, Defendant ignores that they are not affirmative defenses in the first place, but denial of elements of Plaintiff's causes of action (to wit, causation and damages). Zivkovic v. Southern Cal. Edison

Co., 302 F.3d 1080, 1088 (9th Cir. 2002) (holding that a defense that merely negates an element that Plaintiff is required to prove is not an affirmative defense); Nguyen, 2010 WL 3749284 at *2. Once again, Defendant neither offers authority for its position or attempts to refute the authority offered by Plaintiff.

For the reasons set forth above, Defendant's argument that it is not a commercial establishment, Defendant's Response at 3-4, is unavailing.

C.     The Estoppel Defenses – Fifth And Sixth Defenses.

Once again, Defendant mentions "fair notice" and ignores all other arguments. See Defendant's Response at 4. The "fair notice" portion of Plaintiff's argument vis-à-vis the estoppel defenses was addressed to one specific point, i.e., whether Defendant intended to raise something other than equitable estoppel in the defense titled "estoppel." See Plaintiff's Motion at 7. As noted in Plaintiff's Motion, Defendant raised two estoppel defenses, one titled "estoppel" and one titled "equitable estoppel." See Amended Answer at 6-8, ¶¶ 18-30. While both defenses appear to be addressed to the same conduct, see id., Plaintiff noted that to the extent the defense titled simply "estoppel" had some other meaning, it lacked fair notice. Defendant does not expand on its meaning and appears to acknowledge that the defenses are essentially the same.  Beyond this, Plaintiff's arguments had nothing to do with fair notice. Indeed, the focus of Plaintiff's argument is that what Defendant alleges does not give rise to an estoppel. See Plaintiff's Motion at 8-9.

Ultimately, Defendant's attempt to defend its estoppel defenses is nothing but its opinion and subjective conclusion that it has supported the defense. See Defendant's Response at 4. Once again, Defendant offers no authority for its position.

D.     Unclean Hands – Seventh Defense.

As with the other defenses, Defendant offers no authority to support that its allegations give rise to an "unclean hands" defense. See Defendant's Response at 5. Once again, simply

assigning behaviors a label does not make the label applicable. Indeed, even in its Response, Defendant states, under its "unclean hands" defense that the facts it alleges support "Defendant's *estoppel* affirmative defenses." Defendant's Response at 5 (emphasis added).

E.   Unintentional Showing – Eighth Defense.

Defendant appears to concede that this is not a valid defense, yet asks that it be "left in the Answer in the event this Court finds damages appropriate so Defendant's damages may be reduced appropriately." Defendant's Response at 5. Defendant offers no support for such a request.

WHEREFORE, for the reasons set forth herein, as well as for the reasons set forth in Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Amended Answer), Plaintiff respectfully requests that its Motion to Strike be granted and that Defendant's affirmative defenses be stricken with prejudice.

Respectfully submitted,

Dated:  May 22, 2015

/s/  *Thomas P. Riley*
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Plaintiff
J & J Sports Productions, Inc.

# **PROOF OF SERVICE**

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On May 22, 2015, I caused to serve the following document entitled:

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES (AMENDED ANSWER)

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Stuart James West, Esq.
West & Associates, A PC
2815 Mitchell Drive
Suite 209
Walnut Creek, CA 94598

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on May 22, 2015, at South Pasadena, California.

Dated: May 22, 2015                    /s/ *Vanessa Morales*
                                       VANESSA MORALES